FILED

JUL 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHIYONG DING,<br><br>           Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>           Respondent. | No. 06-71630<br><br>Agency No. A075-669-916<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2010[**]
San Francisco, California

Before: FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

Petitioner Zhiyong Ding requests review of the decision of the Board of

Immigration Appeals ("BIA") dismissing his appeal of an Immigration Judge's

("IJ") denial of his application for asylum, withholding of removal, and relief

under the Convention Against Torture. We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252, and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding and the BIA's dismissal of Ding's application.[1] *See Chebchoub v. INS*, 257 F.3d 1038, 1044–45 (9th Cir. 2001), *superseded by statute on other grounds as recognized by Shrestha v. Holder*, 590 F.3d 1034, 1046 (9th Cir. 2010). Ding provided inconsistent testimony regarding how he obtained his visa to enter the United States. He also testified inconsistently about his trip to Italy, purportedly to meet with friends involved in the democracy movement in China. Finally, Ding gave incongruent, and somewhat evasive, testimony about the harm he suffered as a result of his involvement with the democratic movement.

The inconsistencies within Ding's testimony and his failure to corroborate his testimony constitute substantial evidence to uphold the denial of Ding's application for asylum, withholding of removal, and protection under the Convention Against Torture. *See Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000).

**PETITION DENIED.**

---

[1] Although the BIA adopted the IJ's decision and cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), it also provided its own review of the evidence. Our review therefore encompasses both the IJ's and the BIA's decision. *Joseph v. Holder*, 600 F.3d 1235, 1239–40 (9th Cir. 2010).